UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06278-MCS<br>Adversary Number, 2:15-ap-01535-BB<br>United States Bankruptcy Court<br>Los Angeles, 2:15-bk-20351-BB | Date | 2:24-cr-00659-MCS<br><br>October 3, 2024 |

Title   *Murtagh v. Baker (In re Debtor Clark Warren Baker)*

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE AND NOTICE CHARGING CRIMINAL CONTEMPT**

This matter comes before the Court following a report and recommendation from the United States Bankruptcy Court for the Central District of California. (R. & R., ECF No. 2.) The R. & R. recommends that this Court (1) withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) for the limited purpose of considering criminal contempt against Debtor Clark Warren Baker and (2) find Mr. Baker guilty of criminal contempt and sentence him to be incarcerated for a period of one year or such other period as the Court may deem appropriate. The Court has reviewed the R. & R., as well as Mr. Baker's objections, (Objections, ECF No. 9), and has found probable cause to believe that Mr. Baker disobeyed or resisted lawful orders of the Bankruptcy Court. The Court charges Mr. Baker with violating the Bankruptcy Court's February 17, 2022, Default Judgment and Permanent Injunction. (Injunction, ECF No. 2-2.)

The Court does not take this decision lightly. However, the R. & R. describes countless instances of Mr. Baker blatantly defying the Bankruptcy Court's orders. Mr. Baker "has demonstrated a consistent disregard for his duty to cooperate in

discovery, his obligation to comply with orders of [the Bankruptcy Court,] and the need to testify truthfully when signing declarations under the penalty of perjury." (R. & R. 2.)

Most recently, Mr. Baker disregarded the Bankruptcy Court's February 17, 2022, Default Judgment and Permanent Injunction. The Injunction required Mr. Baker to pay Mr. Murtagh over $30 million in damages and to cease all wrongful conduct that gave rise to the damages. (Injunction 2–4.) Among other things, the Injunction specifically prohibited Mr. Baker from posting about Mr. Murtagh online, instructed Mr. Baker to take down all posts related to Mr. Murtagh, and ordered Mr. Baker to transfer to Mr. Murtagh all online content that Mr. Baker possessed. (*Id.* at 2–6.)

Consistent with his prior conduct, Mr. Baker failed to comply with the terms of the Injunction. (R. & R. 22.) The Bankruptcy Court held Mr. Baker in contempt of the Injunction but showed exceptional lenience by providing him with three opportunities to purge his contempt. (*Id.*) Nevertheless, despite multiple admonitions and ample time to comply with the Injunction, "a number of deficiencies remained." (*Id.* at 24; *see id.* at 24–34.) Notably, Mr. Baker failed to provide any corroborating evidence that he complied with the terms of the Injunction, and, critically, has only made "half-hearted attempts" to provide the Bankruptcy Court with documentation it requested. (*Id.* at 35.) Mr. Baker repeatedly acted above the law and indicated that he does not have the same good faith obligations as all other litigants in U.S. courts.

Therefore, this Court charges Mr. Baker with violation of 18 U.S.C. § 401(3) due to his failure to comply with the Injunction.

**ACCORDINGLY, IT IS SO ORDERED THAT**:

1. The Clerk of Court is directed to open a new criminal case and to assign the case to the undersigned district judge. The new criminal case shall contain (1) a copy of this Order; (2) a copy of the Order Accepting Report and Recommendation to District Court for Withdrawal of Reference as to Determination of Criminal Contempt; (3) a copy of the Bankruptcy Court's Report and Recommendation for Withdrawal of Reference as to Determination of Criminal Contempt; and (4) Mr. Baker's Objections to the Bankruptcy Court's Report and Recommendation for Withdrawal of Reference as to Determination of Criminal Contempt.

2. Pursuant to Federal Rule of Criminal Procedure 42(a)(2), the Court requests that the United States Attorney for the Central District of California, or his designee, prosecute this contempt of court charge. If, for any reason, the United States Attorney for the Central District of California declines this request, the Court will appoint another attorney to prosecute the contempt.

**IT IS SO ORDERED.**

**cc:    Bankruptcy Court**
**       United States Attorney for the Central District of California**